1813.

CURREN
v.
CONNERY.

---

The Commonwealth *against* LONG keeper of the Gaol.

*Philadelphia, Saturday, April 3.*

THIS was a *habeas corpus* to bring up the bodies of several prisoners, who, as it appeared by the return, were confined in the common gaol, under sentence by the Quarter Sessions, to be imprisoned a certain time, to pay a fine, which in each case was under five pounds, and to pay the costs of prosecution. They had all remained in confinement thirty days after the term adjudged for their imprisonment, but had not paid either the fine, *or the costs.*

Persons sentenced to imprisonment, and to pay a fine not more than 5*l.*, with costs, are entitled to a discharge from imprisonment, both as to fine and *costs*, after having remained in confinement for the fine, thirty days beyond the term adjudged for their imprisonment. But neither fine nor costs are remitted thereby. If the defendant has property, it is liable.

The question was, whether they were entitled to a discharge under the fourth section of the act of the 27th of *March* 1789, which enacts " that every person who now is, " or hereafter shall be, confined in any gaol within this com- " monwealth, in execution *or otherwise,* for any debt or " debts, sum or sums of money, or *fine* or fines, forfeiture " or forfeitures, none of which do or shall exceed the sum " of five pounds exclusive of costs, and has or shall have " remained so confined for the space of thirty days, shall " be discharged from such confinement, and not be liable to " be again imprisoned for the same; and the sheriff, gaoler, " or keeper of the gaol, in which such person is, or shall be " confined as aforesaid, shall, upon application to him by the " person so confined, discharge him or her out of custody, " if detained for such debt or debts, sum or sums of money,

1813.

COMMON-
WEALTH
*v.*
LONG.

"*fine* or forfeiture only, and *for no other cause.*" 2 *Smith's Laws* 483.

*Phillips* for the inspectors of the prison, at whose instance the *habeas corpus* was awarded.

The Attorney General (*Ingersoll*) for the commonwealth.

PER CURIAM. The construction of the act is this, that the prisoner is not entitled to a discharge, unless he has remained in confinement for *the fine*, thirty days beyond the time adjudged for imprisonment; and when he has remained such thirty days, he is entitled to a discharge both as respects the fine and *the costs*. But neither fine, nor costs, are remitted. If the criminal has property, his property is liable for both.

                                          Prisoners discharged.